UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA


FILED
APR 20 2013
Clerk, U.S. District & Bankruptcy
Courts for the District of Columbia

UNITED STATES OF AMERICA )
)
v. ) Criminal No. 01-425-1 (PLF)
)
TYRONE WEAKS, )
)
Defendant. )
)

MEMORANDUM OPINION AND ORDER

This matter is before the Court on defendant Tyrone Weaks' motion to reduce his sentence pursuant to 18 U.S.C. § 3582(c)(2). The government opposes Mr. Weaks' motion.[1] For the reasons stated below, the Court will deny the motion.

On April 11, 2002, Mr. Weaks pleaded guilty to (1) possession with intent to distribute five grams or more of cocaine base ("crack cocaine"), in violation of 21 U.S.C. § 841(a)(1) and (b)(1)(B); and (2) possession of a firearm during a drug trafficking offense, in violation of 18 U.S.C. § 924(c)(1). Mr. Weaks acknowledged in his plea agreement that because he was pleading guilty to possession with intent to distribute five grams or more of crack cocaine, Count One carried a statutory mandatory minimum penalty of five years imprisonment. See Plea Agreement ¶ 1(a). The precise amount of drugs involved, as agreed to by the defendant and his counsel at the time of the original sentencing, was 56.9 grams of cocaine base or crack.

---

[1] The papers submitted in connection with this matter include: Defendant's *pro se* Motion to Reduce Sentence ("Mot."); Supplemental Motion to Reduce Sentence ("Supp.") (filed on behalf of Mr. Weaks by the Office of the Federal Public Defender); and Government's Response to Defendant's Motion to Reduce Sentence ("Opp.").

See Sentencing Transcript ("March 13, 2003 Tr.") at 10-13, 15-18. In his plea agreement, Mr. Weaks also acknowledged that Count Two carried a statutory mandatory minimum penalty of five years' imprisonment that was required by law to run consecutively to any other term of imprisonment. See Plea Agreement ¶ 1(b). As a part of the plea agreement, the government agreed to dismiss Count Three of the indictment against Mr. Weaks' girlfriend and co-defendant, Stephanie Conyers. Id. at ¶ 10.

At the sentencing hearing on March 13, 2003, the Court found that under the then-applicable Sentencing Guidelines, 56.9 grams of crack cocaine resulted in a Base Offense Level of 32. The Court adjusted downward by two levels for acceptance of responsibility, see U.S.S.G. § 3E1.1, to reach an Adjusted Offense Level of 30. See March 13, 2003 Tr. at 17, 32. The Court then determined that Mr. Weaks was in Criminal History Category III, yielding a Guidelines sentencing range of 121 to 151 months. Id. at 18-19. The Court sentenced Mr. Weaks to 121 months' imprisonment, the minimum that the then-mandatory Sentencing Guidelines would allow. His conviction was affirmed on appeal. See United States v. Weaks, 388 F.3d 913 (D.C. Cir. 2004).

In light of the Supreme Court's decision in Booker v. United States, 543 U.S. 220 (2005), and the D.C. Circuit's decision in United States v. Coles, 403 F.3d 764 (2005), the case was remanded to this Court for the limited purpose of determining whether it would have imposed "a different sentence, materially more favorable to the defendant, had [the Court] been aware of the post-Booker sentencing regime." United States v. Coles, 403 F.3d at 771. At the time of Mr. Weaks' original sentencing, the Guidelines (reflecting a 100-to-1 disparity between

crack cocaine and powder cocaine offenses) were mandatory and required the Court to sentence Mr. Weaks to a minimum of 121 months' imprisonment. On remand, this Court stated:

> [T]his Court has on numerous occasions concluded that a 20 to 1 ratio is available to the Court post-Booker and is appropriate in many cases under the factors set out in 18 U.S.C. § 3553(a). Accordingly, this Court would have imposed "a different sentence, materially more favorable to the defendant had it been aware of the post-Booker sentencing regime." United States v. Coles, 403 F.3d at 771.

Memorandum Opinion and Order at 2 (July 6, 2006) (internal citations omitted).

While there was initially some question on remand as to whether Mr. Weaks at the time of his plea or at sentencing in fact acknowledged responsibility for 56.9 grams of crack cocaine or only "more than five grams," see Hearing Transcript ("Aug. 29, 2006 Tr.") at 7-8, 12-13, by the time of the resentencing on September 8, 2006, Mr. Weaks acknowledged that he was responsible for all of the drugs at issue, 56.9 grams of crack cocaine. See Resentencing Transcript ("Sept. 8, 2006 Tr.") at 5-8. The Court therefore began with that quantity of crack cocaine in fashioning its sentence.

Rather than impose a sentence consistent with the advisory Guidelines sentencing range on resentencing, the Court, exercising its discretion under Booker, varied from the Guidelines and imposed a sentence that reflected a 20-to-1 ratio between crack and powder cocaine offenses. The Court multiplied the amount of crack (56.9 grams) by 20, yielding 1,138 grams of powder cocaine. Then, as now, possession with intent to distribute 1,138 grams of powder cocaine yielded an offense level of 26. See U.S.S.G. § 2D1.1(c). After applying the same two level downward adjustment for acceptance of responsibility under Section 3E1.1 of the Guidelines as it had originally, the Court determined that Mr. Weaks' Offense Level was 24.

With a criminal history category of III, his Guidelines sentencing range on Count One was 63 to 78 months. The Court found that a sentence in the middle of that range (66 months) was appropriate, considering the limited mitigating factors and the substantial quantity of drugs involved. As required by law, the Court reimposed a consecutive 60-month sentence for the weapons offense (Count Two) under 18 U.S.C. § 924(c).

Mr. Weaks now asks the Court to reduce his sentence on Count One to the mandatory minimum sentence of 60 months, see Mot. at 2; Supp. at 7, because (1) the United States Sentencing Commission recently amended and lowered the base offense level for crack cocaine offenses by two levels and made the amendment retroactive, see U.S.S.G., Supp. to App. C, Amend. 706, 711; (2) the Court is authorized to reduce the term of imprisonment imposed "in the case of a defendant who has been sentenced to a term of imprisonment based on a sentencing range that has subsequently been lowered by the Sentencing Commission," 18 U.S.C. § 3582(c)(2); (3) the relevant amendment reduced Mr. Weaks' Guidelines sentencing range for the amount of crack cocaine for which Mr. Weaks was held responsible (after the downward adjustment for acceptance of responsibility) from 121 to 151 months to 97 to 121 months; and (4) "[w]here, as here, the Court imposed a sentence below the original guideline range, the guidelines provide that 'a reduction comparably less than the amended guideline range . . . may be appropriate [under Section 3582(c)(2)].' U.S.S.G. § 1B1.10(b)(2)(B)." Supp. at 3-4.

Mr. Weaks attempts to distinguish this case from the Court's prior decisions in United States v. Burnette, 587 F. Supp. 2d 163 (D.D.C. 2008), and United States v. Garris, 591 F. Supp. 2d 54 (2008) (holding that defendants re-sentenced post-Booker consistent with a 20-to-1 ratio, rather than with the applicable crack cocaine guidelines, are ineligible for further

reduction under Section 3582(c)(2)). He argues that beginning in 2009, it has been the policy of this Court to apply a 1-to-1 ratio, rather than a 20-to-1 ratio, for all crack cocaine offenses, and that he should have the benefit of that change in policy. See Supp. at 5-6, citing United States v. Lewis, 623 F. Supp. 2d 42, 45 (D.D.C. 2009). While this Court in Lewis did adopt, as a matter of policy, a new approach of applying a 1-to-1 ratio to sentencing in all *future* crack cocaine cases, see id. at 43, 45, 47, as explained below, Mr. Weaks' is ineligible for a sentence modification under Section 3582(c)(2), and the Court therefore is without authority to modify his term of imprisonment to reflect this new policy.

Congress has authorized district courts to modify a defendant's term of imprisonment in three limited situations, as set forth in 18 U.S.C. § 3582(c). The subsection relevant to this motion provides:

> [I]n the case of a defendant who has been sentenced to a term of imprisonment based on a sentencing range that has subsequently been lowered by the Sentencing Commission pursuant to 28 U.S.C. 994(o), . . . the court may reduce the term of imprisonment, after considering the factors set forth in section 3553(a) to the extent that they are applicable, if such a reduction is consistent with applicable policy statements issued by the Sentencing Commission.

18 U.S.C. § 3582(c)(2). Eligibility for modification, therefore, turns on whether the defendant's term of imprisonment was "based on a sentencing range that has subsequently been lowered by the Sentencing Commission." Id. The D.C. Circuit has interpreted the phrase "based on" to refer to the "guideline range that determined the defendant's sentence." United States v. Cook, 594 F.3d 883, 888 (D.C. Cir. 2010).

Mr. Weaks is not eligible for a sentence reduction under Section 3582(c)(2) because the sentence the Court imposed post-Booker on September 8, 2006, unlike his original

sentence, was *not* "based on" (or determined by) the then-applicable crack cocaine Guideline sentencing range (121 to 151 months), subsequently lowered by amendment 706 (to 97 to 121 months). Rather, after determining that a 20-to-1 crack-to-powder ratio was a more appropriate basis for determining defendant's sentence, the Court multiplied the amount of crack cocaine by 20, and applied the sentencing range applicable to that amount of powder cocaine (63 to 78 months). See Opp. at 3. In other words, defendant's sentence was effectively "based on" the powder cocaine sentencing range, which has not been lowered by the Sentencing Commission, and thus is unaffected by 18 U.S.C. § 3582(c)(2). See United States v. Burnette, 587 F. Supp 2d at 164-65.

For the reasons stated above, it is hereby

ORDERED that Defendant's Motions to Reduce Sentence [122, 128] are DENIED.

SO ORDERED.

/s/ Paul L. Friedman
PAUL L. FRIEDMAN
United States District Judge

DATE: 4/20/10